**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | | |
|---|---|---|
| **GILBERT LAND DEVELOPMENT, INC.,** | ) | |
| **an Illinois corporation,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **SUZANNE JENNINGS WELLS,** | ) | **Case No. 10-2246** |
| **W. E. EXCAVATING, INC., an Illinois** | ) | |
| **corporation; and** | ) | |
| **KELLY FINET, in her individual and** | ) | |
| **official capacity as a Public Administrator,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

# REPORT AND RECOMMENDATION

In October 2010, Plaintiff Gilbert Land Development, Inc. filed a Complaint and Demand for Jury Trial (#1) against Defendants Suzanne Jennings Wells, W.E. Excavating, Inc., and Kelly Finet, in her individual capacity and official capacity as Public Administrator. Plaintiff brings this action under 42 U.S.C. § 1983. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

Upon filing its complaint, Plaintiff also filed a Motion for Temporary Restraining Order (#2). In November 2010, Defendant Wells filed Suzanne Jennings Wells' Motion to Dismiss (#12). In December 2010, Defendant Finet filed Defendant Kelly Finet's Motion to Dismiss (#19). In addition, Plaintiff has filed a Motion for Entry of Default (Rule 55(a)) (#16) against Defendant W.E. Excavating, Inc. Because all these motions raise some of the same legal issues, this Court will determine all of these motions together. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Motion for a Temporary Restraining Order **(#2)** be deemed **MOOT**, that Suzanne Jennings Wells' Motion to Dismiss **(#12)** be **GRANTED**, that Defendant Kelly Finet's Motion to Dismiss **(#19)** be **GRANTED**, and that Plaintiff's Motion for Entry of Default (Rule 55(a)) **(#16)** against Defendant W.E. Excavating, Inc. be **DENIED**.

## I. Background

Plaintiff Gilbert Land Development, Inc. is an Illinois corporation that owns land for a development known as Shady Ridge Subdivision (hereinafter "Shady Ridge"). Defendant W.E. Excavating, Inc. (hereinafter "W.E. Excavating") is an Illinois corporation which claims it performed work building roads, curbing, leveling lots, and other dirt work within Shady Ridge. (#20-4, p. 2). Defendant Suzanne Jennings Wells is an attorney, who served as counsel for W.E. Excavating in relevant state court proceedings, described below. (#1, p. 2). Defendant Kelly Finet is the Public Administrator of Piatt County, Illinois. (#1, p. 2).

In December 2007, Defendant W.E. Excavating filed suit in Piatt County, Illinois, pursuant to the Illinois Mechanics Lien Act, seeking payment for work it had done in Shady Ridge. (#1, p. 3). Defendant W.E. Excavating sought judgment of mechanics lien, foreclosure, and sale of certain lots within Shady Ridge. In this litigation, W.E. Excavating named the following defendants: Steven Gilbert, a/k/a Stephen Gilbert, D/B/A Gilbert Land Development, Inc., Steve Gilbert D/B/A Steve Gilbert Real Estate LLC, Unknown Others & Non Record Claimants.

Throughout the state court litigation, the defendants repeatedly asserted that W.E. Excavating had not properly named a defendant. Defendants argued that W.E. Excavating's complaint failed to name the party with whom it contracted and failed to properly name the owners of the land. (#20-3, p. 1). The court rejected these arguments and denied defendants' motion to dismiss on this basis. (#20-3, p. 5). The issue of a proper defendant was again addressed in the court's December 2009 memorandum order. (#20-4, p. 6-13). With respect to the ownership of Shady Ridge, the court noted: "Defendant Steve Gilbert was involved with several corporations concerning the property at issue and he was even unsure himself what corporation was involved at any certain time." (#20-4, p. 11). The court determined "[t]he common thread throughout this case is Steve Gilbert. He was the owner, or

with proper authority for the owner, whether a corporation LLC, who did in fact, contract with claimant." (#20-4, p. 13). The court concluded that W.E. Excavating "made an oral contract with Gilbert the owner of Shady Ridge Subdivision, or as one with proper authority for the owner." (#20-4, p. 13).[1]

In June 2010, the state circuit court entered a judgment of mechanics lien foreclosure and sale. (#1-3). In so doing, the court determined that it had subject matter jurisdiction, it had personal jurisdiction over all defendants, and that the named defendants owned the property at issue or had authority to act for the owner of the property. (#1-3, p. 1). The court then determined that W.E. Excavating was entitled to a mechanics lien in the amount of $105,001.70, plus costs and interest, in connection with the road work it done in Shady Ridge. (#1-3, p. 2). Therefore, the court authorized a foreclosure sale, to be conducted by the Public Administrator. (#1-3, p. 3).

After the state court issued this order, Defendant Wells, an attorney for W.E. Excavating, contacted Defendant Finet to arrange the details of the sale. Defendant Finet issued a public notice of a scheduled foreclosure sale. (#1-1). Plaintiff responded by bringing suit against Defendants in federal court, seeking a temporary restraining order to prevent the sale. At that point, Defendants voluntarily canceled the scheduled sale, and it has not been rescheduled.

## II. Discussion

Defendant Wells and Defendant Finet have each filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In addition, Defendant Finet claims

---

[1]Though these state court orders are not attached to Plaintiff's complaint, this Court may consider them in ruling on motions to dismiss, as they are a matter of public record. *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 n.4 (7th Cir. 2000). Furthermore, the district court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction does in fact exist. *Capitol Leasing Co., v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir. 1993)

immunity from the suit under the Eleventh Amendment. For the reasons explained below, this Court agrees with Defendants that it lacks subject matter jurisdiction over this matter.

When ruling on a motion to dismiss due to lack of subject matter jurisdiction, the district court must accept all well-pleaded facts as true and draw reasonable inferences in favor of the plaintiff. *Capitol Leasing Co., v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir. 1993); *Rueth v. U.S. Envtl. Prot. Agency,* 13 F.3d 227, 229 (7th Cir. 1993). The district court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction does in fact exist. *Capitol Leasing,* 999 F.2d at 191. The party asserting federal jurisdiction bears the burden of establishing that jurisdiction does in fact exist. *United Phosphorus, Ltd. v. Angus Chem. Co*., 322 F.3d 942, 946 (7th Cir. 2003).

Defendants argue that the *Rooker-Feldman* doctrine bars federal courts from exercising jurisdiction in this matter. The *Rooker-Feldman* doctrine precludes federal jurisdiction "where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requesting a remedy for an injury caused by that judgment." *Johnson v. Orr*, 551 F.3d 564, 567-68 (7th Cir. 2008). The doctrine applies to claims that were actually argued in state court, and also to claims that are "inextricably intertwined" with a state court determination. *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). If the district court is essentially being called upon to review the state court decision, the district court lacks jurisdiction to hear the matter. *Id*; *see also Garry v. Geils*, 82 F.3d 1362, 1364 (7th Cir. 1996). However, where a federal plaintiff presents some independent claim, even if such claim denies a legal conclusion that a state court has reached, then there is federal jurisdiction, though principles of preclusion may still affect the outcome of the case. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (citing *GASH Assocs. v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).

Here, Plaintiff claims that W.E. Excavating's failure to join Gilbert Land Development, Inc. as a defendant in the state court action renders the state court judgment void, and renders Defendants' interference with Plaintiff's property a violation of due process. (#1, p. 7). Defendants argue that this Court lacks subject matter jurisdiction to hear Plaintiff's claim under the *Rooker-Feldman* doctrine, because the Plaintiff's claim is inextricably intertwined with the state court determination. Plaintiff responds by arguing that the *Rooker-Feldman* doctrine does not apply to its claim for two reasons: (1) Plaintiff was not a party to the state court proceedings, and (2) Plaintiff filed a complaint in federal court before the state court had entered a final judgment.

*1. Was Plaintiff a Party to the State Court Proceedings?*

First, Plaintiff argues that the *Rooker-Feldman* doctrine does not preclude its federal claim because it was not a party to the state court litigation. The Supreme Court has noted that the *Rooker-Feldman* "has no application to a federal suit brought by a nonparty to the state suit." *Exxon Mobile Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005). Furthermore, a federal plaintiff's claim will not be barred by the doctrine where that plaintiff lacked a reasonable opportunity to present those claims in state court. *Beth-El All Nations Church v. City of Chi.*, 486 F.3d 286, 292 (7th Cir. 2007). Here, the party in the underlying state suit was Steven Gilbert, "d/b/a Gilbert Land Development, Inc." Gilbert Land Development, Inc. received service of process shortly after W.E. Excavating filed its state court complaint. (#20-1, p. 5). Gilbert Land Development, Inc. not only had a reasonable opportunity to present claims regarding ownership of the property in state court, it actually did raise that issue repeatedly in the state court proceedings. The state court explicitly considered arguments about whether the proper defendants were in court, and it determined that Steven Gilbert acted as an agent for Gilbert Land Development, Inc. in entering a contract with W.E. Excavating. (#20-4, pp. 1, 13).[2] This Court concludes that, under these circumstances, Gilbert Land Development, Inc. may be

---

[2]Gilbert Land Development, Inc. argued in state court that it did not incorporate until two months after the contract at issue in that litigation was formed. The state court determined that Steven Gilbert nevertheless acted as an agent of the entity prior to its incorporation.

considered a party to the state law suit for the purposes of applying the *Rooker-Feldman* doctrine, and that Gilbert Land Development, Inc. had a reasonable opportunity to present its claims in state court.

## 2. Did the State Court Enter a Final Judgment?

Second, Plaintiff argues that the *Rooker-Feldman* doctrine can only act as a bar to federal subject matter jurisdiction where there is a final state court judgment. *See, e.g.*, *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Plaintiff argues that here, the state court judgment was not final when it filed its federal complaint, and that therefore the *Rooker-Feldman* doctrine cannot bar its claim. Plaintiff relies on *Johnson v. Lopinot*, No. 09-1009 (S.D.Ill. Nov. 4, 2010), which states, "Although there is no binding precedent that addresses finality in the *Rooker-Feldman* context, it is generally thought to be 'when the highest court capable of review has considered the state decision, or where no party to the case seeks further action.'" *Id.* at *7. The *Johnson* court concluded that because underlying state court litigation remained on appeal, there was no final judgment, and thus the *Rooker-Feldman* doctrine did not bar federal jurisdiction. *Id.* at *9.[3]

This Court respectfully disagrees with its sister court on this matter. The Supreme Court has stated that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments *rendered before the district court proceedings commenced* and inviting district court review and rejection of those judgments." *Exxon Mobil Corp v. Saudi Basic Indus. Corp*, 544 U.S. 280, 284 (2005) (emphasis added). Later in the opinion, the Supreme Court is careful to point out that the *Rooker-Feldman* doctrine cannot be applied to destroy federal jurisdiction where parties have properly filed parallel state and federal litigation at the outset. *Id.* at 292. However, where a party files federal litigation in response to a state court judgment, the state court judgment is the cause of his injury, and he seeks to have the state court judgment set aside, this is precisely the behavior that the *Rooker-Feldman* doctrine seeks to prevent. *Johnson v. Orr*, 551 F.3d 564, 567-68 (7th Cir. 2008). The "final judgment" requirement prevents the *Rooker-Feldman* doctrine from destroying concurrent

---

[3]Plaintiff attached the *Johnson* opinion to its response, in the record at #24-3.

jurisdiction when there is parallel federal and state litigation. In contrast, Plaintiff's interpretation of the "final judgment" requirement would essentially make federal district courts a substitute for state appellate court. This Court does not have jurisdiction to review the state court's foreclosure judgment. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). This Court concludes that, because Plaintiff complains of an injury caused by the state court's judgment of foreclosure, which was rendered before Plaintiff filed its complaint in federal court, the *Rooker-Feldman* doctrine precludes federal subject matter jurisdiction.

*3. Is Plaintiff's Claim Inextricably Intertwined with the State Court Judgment?*

Last, in determining whether the *Rooker-Feldman* doctrine bars federal jurisdiction, this Court must consider whether Plaintiff's claims are "inextricably intertwined" with a state court determination, or whether Plaintiff presents some independent claim. *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). To determine whether a plaintiff's claim is "inextricably intertwined" with a state court determination, a court must consider whether the injury alleged by the plaintiff resulted from the state court judgment itself. *Beth-El All Nations Church v. City of Chi.*, 486 F.3d 286, 292 (7th Cir. 2007). If it does, *Rooker Feldman* bars the claim. *Id.* A plaintiff may not circumvent the effect of the *Rooker-Feldman* doctrine simply by casting its complaint in the form of a civil rights action. *Remer v. Burlington Area School Dist.*, 205 F.3d 990, 997 (7th Cir. 2000).

Here, Plaintiff argues that the attempted sale of its property, which was authorized by the state court and arranged by Public Administrator Finet, constitutes a violation of Plaintiff's constitutional due process rights and a violation of § 1983. Plaintiff seeks a declaration that the Defendants have deprived Plaintiff of its real property interest under color of state law, and in violation of Plaintiff's due process rights, and Plaintiff seeks compensatory damages for the same. (#1, p. 7). Plaintiff asks this Court to award damages based on actions taken by

Defendants in direct reliance on the state court judgment of foreclosure. This Court notes that such a request is the epitome of a claim that is "inextricably intertwined" with a state court determination. Therefore, this Court finds that it lacks subject matter jurisdiction over Plaintiff's claims.

### III. Summary

This Court has determined that Gilbert Land Development, Inc was a party to the state court litigation for the purposes of applying the *Rooker-Feldman* doctrine. Furthermore, the state court foreclosure judgment was a final judgment for the purposes of applying the doctrine. Plaintiff's due process claim and § 1983 claim are inextricably intertwined with the state court determination. Therefore, this Court lacks subject matter jurisdiction over Plaintiff's claim under the *Rooker-Feldman* doctrine. Because this Court has determined that it lacks subject matter jurisdiction, it does not reach Defendants' remaining arguments.

For the reasons stated above, this Court recommends that Plaintiff's Motion for a Temporary Restraining Order **(#2)** be deemed **MOOT**, that Suzanne Jennings Wells' Motion to Dismiss **(#12)** be **GRANTED**, that Defendant Kelly Finet's Motion to Dismiss **(#19)** be **GRANTED**, and that Plaintiff's Motion for Entry of Default (Rule 55(a)) **(#16)** against Defendant W.E. Excavating, Inc. be **DENIED**.

The Court notes that Defendant W.E. Excavating, Inc. has failed to plead or otherwise defend in response to Plaintiff's complaint. However, despite this circumstance, if the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. FED. R. CIV. P. 12(h)(3); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) (stating that the court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the defenses a party might waive under the Federal Rules). The Court therefore recommends denying Plaintiff's Motion for Entry of Default (Rule 55(a)) (#16) due to this Court's determination that it lacks subject matter jurisdiction. The Court further recommends that Plaintiff's complaint be dismissed with respect to all defendants.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTER this 9th day of March, 2011.

_____ s/ DAVID G. BERNTHAL _____
U.S. MAGISTRATE JUDGE